IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHARLES H. REEVES                                                                       PLAINTIFF

v.                                    CIVIL NO. 14-3052

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                          DEFENDANT

## MEMORANDUM OPINION

Charles Reeves, ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1.  On November 12, 2014, prior to filing an Answer and upon the recommendation of the Appeals Council, the Commissioner filed a motion to remand pursuant to sentence four of 42 U.S.C. §405(g).  ECF No. 10.  The Commissioner requests that remand be granted "so that Defendant may review the case de novo, further develop the record, conduct further administrative proceedings, and issue a new decision." ECF No. 10-1.

Section 405(g), which governs judicial review of final decisions made by the Commissioner, authorizes only two types of remand orders: (1) those made pursuant to sentence four, and (2) those made pursuant to sentence six.  *See Melkonyan v. Sullivan*, 501 U.S. 89, 98–99,(1991); *Hafner v. Sullivan*, 972 F.2d 249, 250–51 (8th Cir. 1992).  Sentence four, by its terms, authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A sentence four remand is therefore

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

proper only when the district court makes a substantive ruling regarding the correctness of a decision of the Commissioner and remands the case in accordance with such a ruling. *See Melkonyan*, 501 U.S. at 98, 111 S.Ct. 2157; *Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000).

Sentence six, in contrast, authorizes a remand in only two limited situations: (1) where the Commissioner requests a remand for good cause shown before answering the complaint of a claimant seeking reversal of an administrative ruling, or (2) where new and material evidence is adduced that was for good cause not presented during the administrative proceedings. *See* 42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 297 n. 2, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Woolf v. Shalala*, 3 F.3d 1210, 1215 (8th Cir.1993). The first of these situations distinguishes a sentence six remand from a sentence four remand based on timing, while the second situation does so based on substance. *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990) (noting that sentence six authorizes an "entirely different kind of remand" than sentence four).

In the present case, the Commissioner has neither filed an answer nor an administrative transcript, providing the Court with nothing upon which to base its review. Further, she asks that the court bypass its plenary review by relying on her representation that the denial decision is not supported by substantial evidence, clearly taking the matter outside the realm of a sentence four remand. *See Ramos v. Astrue*, 2010 WL 5572969 , *2 (N.D. Ohio 2010) (denying defendant's motion for remand pursuant to sentence for where no transcript had been filed and the record lacked development to facilitate a substantive review); *Guidry v. Barnhart*, 2006 WL 2583312, *2 (M.D. La. 2006) (holding motion for remand made prior to the filing of answer and admitting that ALJ made legal error will be deemed as one pursuant to sentence six); *Hanson v. Chater,* 895 F. Supp. 1279, 1284-1285 (N. D. Iowa 1995) (sentence four remand inappropriate where both parties agree

to remand care for further administrative proceedings); *Tucunango v. Sullivan*, 810 F. Supp. 103, 105 (S.D.N.Y.1993) (sentence four remand inappropriate where Secretary acknowledges errors of law prior to filing answer); *Correa v. Sullivan*, 1992 WL 367116 (S.D.N.Y. Nov. 23, 1992) (same); *Fernandez v. Sullivan*, 809 F.Supp. 226, 228–29 (S.D.N.Y.1992) (same).

On the other hand, the Commissioner has made a motion for remand for further proceedings before filing her answer, meeting the first and second requirements of sentence six. *See Tucunango* 810 F. Supp. at 105. With respect to the third requirement, the requirement that good cause be shown, other courts have found good cause in the Secretary's assertion that errors of law were committed by the ALJ. *See id.* (ALJ failed to comply with the treating physician rule of this circuit and failed to identify evidence on which he relied); *Fernandez v. Sullivan*, 809 F. Supp. at 228 ("The improper legal standard applied in assessing the opinion of Fernandez's physician warrants remand of the case and demonstrates good cause."); *Cummings v. Sullivan*, 950 F.2d 492, 499 (7th Cir.1991) (error in refusing to consider emotional impairment constitutes good cause for remand); *Rivera Sanchez v. Secretary of HHS*, 786 F. Supp. 147, 149 (D.P.R.1992) (same). And we agree. We find that the legal error asserted by the Commissioner constitutes good cause to support a remand pursuant to sentence six.

Therefore, the Commissioner's motion to remand is **GRANTED IN PART** and the case remanded to the Commissioner for further administrative action pursuant to **"sentence six"** of section 405(g).

DATED this 14th day of November 2014.

                                                    */s/ J. Marschewski*
                                                    HON. JAMES R. MARSCHEWSKI
                                                    CHIEF UNITED STATES MAGISTRATE JUDGE